IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMMIE D. HARMS, | ) | CASE NO. 4:10-CV-3114 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S ANSWER TO** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| HEARTHSTONE HOMES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

For its Answer to Plaintiff's Complaint, Defendant HearthStone Homes, Inc. states and alleges as follows:

Except as hereinafter admitted, qualified, or otherwise answered, Defendant denies each and every matter, thing, and allegation in the Complaint.

## JURISDICTION

1. Paragraph 1 of the Complaint sets forth Plaintiff's legal theory of the case, to which no response is necessary. To the extent a responsive pleading is necessary, Defendant denies the allegations of Paragraph 1.

2. With respect to Paragraph 2 of the Complaint, Defendant admits that Plaintiff has alleged the jurisdiction of this Court "pursuant to 42 U.S.C. § 2000(e) [sic] as amended, and by 28 U.S.C. §§ 1331, 1332, and 1343(a)(4)" and the supplemental jurisdiction of this Court "pursuant to Title 28 U.S.C. § 1367(a)." Defendant denies the jurisdiction of this Court regarding Plaintiff's claims.

3. With respect to Paragraph 3 of the Complaint, Defendant admits the Plaintiff has alleged venue pursuant to 28 U.S.C. § 1392(b). Defendant denies that it committed any unlawful employment practices.

ADMINISTRATIVE PROCEDURES

4. With respect to Paragraph 4 of the Complaint, Defendant admits that Plaintiff was terminated from her employment with Defendant on June 3, 2009, admits that Plaintiff filed a charge of discrimination against Defendant with the Nebraska Equal Opportunity Commission and the U.S. Equal Employment Opportunity Commission, and admits, based on information and belief, that Plaintiff filed her charge of discrimination on or about August 14, 2009.

5. Defendant admits, based on information and belief, the allegations of Paragraph 5 of the Complaint. Defendant avers that the Notice of Right to Sue Letter, attached to Plaintiff's Complaint as Exhibit A, was issued on June 3, 2010, after the Nebraska Equal Opportunity Commission found "no reasonable cause" to support any of the Plaintiff's allegations of discrimination.

6. Paragraph 6 of the Complaint sets forth legal conclusions to which no response is necessary. Defendant holds Plaintiff to her strict burden of proof with respect to her allegations and legal conclusions. To the extent a responsive pleading is necessary, Defendant denies the allegations of Paragraph 6.

PARTIES

7. Defendant is without sufficient knowledge or information to admit or deny the allegation that Plaintiff is a resident and citizen of Lincoln, Lancaster County, Nebraska, and therefore denies the same. The remaining allegations contained in Paragraph 7 of the Complaint set forth legal conclusions to which no response is necessary. Defendant holds Plaintiff to her strict burden of proof with respect to her allegations and legal conclusions. To the extent a responsive pleading is necessary, Defendant denies the allegations of Paragraph 7.

8. Defendant admits that it is a corporation with its principal headquarters located at 810 N. 96th Street, 3d Floor, Omaha, Nebraska, and that its registered agent, John J. Smith, is located at the same address. The remaining allegations contained in Paragraph 8 of the Complaint set forth legal conclusions to which no response is necessary. Defendant holds Plaintiff to her strict burden of proof with respect to her allegations and legal conclusions. To the extent a responsive pleading is necessary, Defendant denies the allegations of Paragraph 8.

## STATEMENT OF CLAIMS AND ALLEGATIONS

9. With respect to Paragraph 9 of the Complaint, Defendant admits that it hired Plaintiff in April 2008 as Executive Assistant to the President, admits that John Smith ("Smith") is the President/CEO of Defendant, and admits that Plaintiff's salary was $45,100.00 per year. Defendant avers that Plaintiff was also assigned to assist on Special Projects until the position of head of Special Projects was eliminated as part of a reduction in force.

10. Defendant denies the allegations of Paragraph 10 of the Complaint, and specifically denies that Plaintiff was expected to understand, accept, study, or comport to a religious belief described as "Intuitive Spiritualism," or any other religious belief, during her employment with Defendant.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant admits, upon information and belief, the allegations of Paragraph 12 of the Complaint. Defendant avers that any concern Smith may have expressed came from comments that Plaintiff made regarding her pregnancy and her fetus. Plaintiff openly disclosed to Smith that she did not want the baby, that her pregnancy was not planned and that a child would be a disruption to her life, and Smith was concerned about Plaintiff's negativity and anger

toward her pregnancy. However, Plaintiff's pregnancy was not a factor in Defendant's decision to eliminate Plaintiff's position.

13. Defendant admits, upon information and belief, that Smith spoke with Plaintiff about her hormones during her pregnancy. Defendant denies the remaining allegations of Paragraph 13 of the Complaint.

14. Defendant admits, upon information and belief, that on or about April 16, 2009, at 12:00 p.m., Plaintiff was called into a meeting led by Smith and attended by other managers Scott Kinkaid, Dave Vogtman, and Heidi Bedlan, that the meeting was held in the Board Room, and that as Executive Assistant, Plaintiff brought Smith his lunch. Defendant admits, upon information and belief, that Smith was invited to stay in the Board Room and that Smith asked Kinkaid and Vogtman to repeat earlier comments they had made regarding their intuition regarding Plaintiff's disconnect with her fetus, and that these managers were discussing this topic before Plaintiff entered the Board Room. Defendant admits, upon information and belief, that Smith explained that his intuitive sense was telling him that the headaches Plaintiff was experiencing were related to her pregnancy. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant admits, upon information and belief, that Smith organized a conference call with Kimberly, a psychic from Sedona, Arizona who specialized in intuitive interpretation, on or about April 16, 2009 at approximately 3:05 p.m., and that Smith invited Plaintiff to participate in that conference call to get the psychic's perspective on Plaintiff's pregnancy. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 15 of the Complaint, and therefore denies the same.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 16 of the Complaint, and therefore denies the same.

17. With respect to Paragraph 17 of the Complaint, Defendant admits that Smith was gone for most of May, 2009 for travel and that shortly after he returned, on June 3, 2009, Defendant terminated Plaintiff's employment.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

## FIRST CAUSE OF ACTION
## RELIGIOUS DISCRIMINATION

20. With respect to Paragraph 20 of the Complaint, Defendant restates and re-alleges the preceding paragraphs of its Answer as if fully set forth herein.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

## SECOND CAUSE OF ACTION
## PREGNANCY DISCRIMINATION CLAIM

26. With respect to Paragraph 26 of the Complaint, Defendant restates and re-alleges the preceding paragraphs of its Answer as if fully set forth herein.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

## THIRD CAUSE OF ACTION
## PENDANT STATE RELIGIOUS DISCRIMINATION CLAIM

31.   With respect to Paragraph 31 of the Complaint, Defendant restates and re-alleges the preceding paragraphs of its Answer as if fully set forth herein.

32.   Defendant denies the allegations of Paragraph 32 of the Complaint.

33.   Defendant denies the allegations of Paragraph 33 of the Complaint.

34.   Defendant denies the allegations of Paragraph 34 of the Complaint.

35.   Defendant denies the allegations of Paragraph 35 of the Complaint.

36.   Defendant denies the allegations of Paragraph 36 of the Complaint.

## FOURTH CAUSE OF ACTION
## PENDANT STATE GENDER-PREGNANCY DISCRIMINATION CLAIM

37.   With respect to Paragraph 37 of the Complaint, Defendant restates and re-alleges the preceding paragraphs of its Answer as if fully set forth herein.

38.   Defendant denies the allegations of Paragraph 38 of the Complaint.

39.   Defendant denies the allegations of Paragraph 39 of the Complaint.

40.   Defendant denies the allegations of Paragraph 40 of the Complaint.

41.   Defendant denies the allegations of Paragraph 41 of the Complaint.

42.   Defendant denies all requests and allegations contained in Plaintiff's WHEREFORE clause, paragraphs a through h, and specifically denies that Plaintiff is entitled to any of the relief requested therein.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant for its affirmative defenses and defenses to the Complaint herein, states as follows:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim is barred to the extent that she has failed to mitigate her damages.

3. Any damages sustained by Plaintiff, as alleged in the Complaint, were caused or contributed to by her own actions or inaction.

4. Plaintiff's claim is barred by the doctrines of latches, estoppel, and/or unclean hands.

5. Plaintiff's claim is barred and/or limited by her failure to exhaust her administrative remedies.

6. Plaintiff's claim was caused, in whole or in part, by her own negligence, actions, and/or omissions.

7. If the Plaintiff was damaged as alleged in the Complaint, which Defendant specifically denies, Defendant is without knowledge or information sufficient to form a belief as to the character or extent of any damages, and, therefore, denies the same and demands strict proof thereof.

8. All employment actions taken by Defendant, its representatives and employees with respect to any allegations set forth in the Complaint, were based upon good faith, legitimate business considerations and not in violation of Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act, the Nebraska Fair Employment Practices Act, or any other statute, regulation, rule or ordinance prohibiting discrimination in employment based on sex, pregnancy, religion, or any other protected category.

9. As a separate alternative affirmative defense to Plaintiff's Complaint, Defendant alleges that the claims contained in Plaintiff's Complaint may be barred by any or all of the

affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claim may be barred by one or more of said defenses, not specifically set out above, cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as it fully set forth herein.

**WHEREFORE**, having fully answered the allegations contained within the Plaintiff's Complaint, Defendant requests that the Court enter an order dismissing the Complaint in its entirety, awarding Defendant its costs and expenses, including reasonable attorneys' fees, and awarding Defendant such other relief as the Court deems just and proper.

DATED: This 26th day of August, 2010.

HEARTHSTONE HOMES, INC., Defendant

By: /s/ David S. Houghton
David S. Houghton, #15204
Keith A. Harvat, #21008
Lieben, Whitted, Houghton,
  Slowiaczek & Cavanagh, P.C., L.L.O.
100 Scoular Building
2027 Dodge Street
Omaha, Nebraska, 68102
Telephone: (402) 344-4000

and

Karen G. Schanfield, Minn. Bar # 96350
(application for *pro hac vice* admission forthcoming)
Krista A.P. Hatcher, Minn. Bar # 0387825
(application for *pro hac vice* admission forthcoming)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

*Attorneys for Defendant HearthStone Homes, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on this 26th day of August, 2010, that a true and correct copy of the foregoing document was filed using the ECF filing system which electronically served a copy of the foregoing document upon the following:

Douglas J. Peterson
Keating, O'Gara, Nedved & Peter, LLO, PC
530 South 13th Street, Ste. 100
Lincoln, NE  68508

*/s/ David S. Houghton*
David S. Houghton

4790222